UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN WILLIAMS,

      Plaintiff,

v.                                       Case No: 6:16-cv-1235-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits and Supplemental Security Income under the Act. Upon a review of the record, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## Background

Plaintiff filed for benefits on June 6, 2012, alleging disability commencing on April 4, 2010, due to depression, lumbar herniated disc, cervical bulge discs, migraine, mitral valve prolapse, and s/p heart attack (Tr. 242-248, 264-269, 306, 310). Her applications were denied initially and on reconsideration, and she requested and received a hearing before an administrative law judge ("ALJ") (Tr. 46-81, 161). On January 2, 2015, a supplemental hearing was held (Tr. 33-45). On February 20, 2015, the ALJ found Plaintiff not disabled and issued his unfavorable decision (Tr. 9-32). Plaintiff was 47 years old, 5 feet, 2 inches tall, and weighed 122 pounds when the ALJ handed down his adverse

decision (Tr. 17). She has a master's degree in nursing, certification as a nurse anesthetist, and past employment as a nurse (Doc. 15 at 3).

On May 26, 2016, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (Tr. 1-4). Accordingly, the ALJ's decision became the Commissioner's final decision. Having exhausted her available administrative remedies, Plaintiff filed this action for judicial review (Doc. 1). The matter is fully briefed and ripe for resolution.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 14). At step two, the ALJ determined that Plaintiff had the severe impairments of: affective disorder, degenerative disc disease, migraines, mitral valve prolapse and history of myocardial infarction (20 CFR § 404.1520(c) and § 416.920(c))

(Id.). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b) and § 416.967(b) with limitations that included that "she is able to lift/carry 20 pounds occasionally and 10 pounds frequently; sit for 30 minutes at one [time] for a total of 6 hours in an 8-hour workday." (Tr. 17). At step four, the ALJ determined that Plaintiff was unable to return to her past relevant work (Tr. 25). Then, considering Plaintiff's age, education, work experience, and RFC, and relying on the testimony of a vocational expert, the ALJ determined that Plaintiff could perform other jobs including assembler, electrical accessories I, surveillance system monitor, and addresser that exist in the national economy (Tr. 26). Therefore, the ALJ found Plaintiff not disabled from April 4, 2010, through the date of the decision (Tr. 26-7).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder

of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. <u>Miles v. Chater</u>, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" <u>Id.</u> "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." <u>Foote v. Chater,</u> 67 F.3d 1553, 1560 (11th Cir. 1995) (<em>per curiam</em>); <u>accord</u> <u>Lowery v.</u> <u>Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the ALJ did not apply the correct legal standards in evaluating the opinion of treating physician Jeff Kidd, M.D., and that the reasons the ALJ gave for according Dr. Kidd's opinions "little weight," are not supported by substantial evidence (<u>Id.</u>, at 11). Plaintiff saw Dr. Kidd about once a month for pain management (Doc. 15 at 6; Tr. 18). She testified that she was taking Ibuprofen, Roxicodone, Morphine, Mobic, Imitrex, Valium, Wellbutrin and Lexapro (Tr. 18). Plaintiff rated her pain at a two on a scale of one to ten when taking her medication (Tr. 19). She acknowledges that during the relevant period, her treatment consisted primarily of medication management (Doc. 15 at 11).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. <u>Winschel</u>, 631 F.3d at 1178-79 (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2);

Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. See 20 C.F.R. § 404.1527(c)(2); Crawford, 363 F.3d at 1161. Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

On May 28, 2014, Dr. Kidd completed a form for Plaintiff in connection with her application to discharge her federal student loans due to disability (Tr. 499). Dr. Kidd opined that Plaintiff had a medically determinable impairment that prevented her from engaging in substantial gainful activity in any field of work for a continuous period of not less than sixty months (Id.). He indicated that she was unable to sit, stand, or walk for a period lasting longer than thirty minutes and that she could not lift more than ten pounds

(Id.). Dr. Kidd further opined that Plaintiff was anxious in social settings (Id.). The ALJ

noted these opinions and gave them "little weight," finding:

> As for the opinion found at Exhibit 9F by Dr. Kidd who opined
> that the claimant could not lift more than 10 pounds; sit, stand
> or walk longer than 30 minutes at a time and stated that he
> [sic] could not engage in any substantial gainful activity in any
> field of work, is given little weight. The undersigned notes that
> this is based upon treatment records that show relatively
> conservative care that consisted primarily of medication
> management. Moreover, the physical and neurological exam
> findings (Exhibit 8F/ 1-5) except for some tenderness to
> palpation, which do not support such extreme limitations or
> disability. Moreover, the overall evidence of record does not
> support such functional limitations particularly in light of rather
> benign physical, musculoskeletal and neurological findings.

(Tr. 24).

Plaintiff argues that the ALJ did not apply the correct legal standard in making this

assessment as: (1) Plaintiff was prescribed powerful narcotic drugs for her pain and did

not have the opportunity to receive further care for her impairments due to her financial

situation; (2) Dr. Kidd's treatment notes "consistently noted" that Plaintiff suffered from

lumbar and cervical pain due to disc bulge/herniation; and (3) the ALJ's rationale consists

of "conclusory statements" which are insufficient to show that the decision is supported by

substantial evidence. Upon review, I find no error.

As noted above, an ALJ may discount a physician's opinion, including a treating

physician's opinion, when the opinion is conclusory, the physician fails to provide

objective medical evidence to support his or her opinion, the opinion is inconsistent with

the record as a whole, or the evidence otherwise supports a contrary finding. See 20

C.F.R. §§ 404.1527(c), 416.927(c); Crawford, 363 F.3d at 1159-60; Phillips, 357 F.3d at

1240-41. Here, the ALJ discredited Dr. Kidd's opinion, finding it was unsupported by the

treatment records and inconsistent with the "rather benign" objective examination findings

and the overall evidence of record (Tr. 24). These are legitimate reasons to discount the

opinion, if they are supported by substantial evidence. Such evidence is ample here, and

detailed in the ALJ's discussion of the findings of the professionals who examined Plaintiff

and her medical records (Tr. 18-22). For example, the ALJ noted that on July 24, 2012,

Plaintiff was seen by Drs. Mirabelli and Benezette and that:

> Physical exam revealed normal findings including normal range of motion throughout cervical, thoracic and lumbar spine as well as the extremities. Neurologically, she was intact. Strength was 5/5 in her bilateral upper and lower extremities. Sensation was intact. Gait and station were normal.

(Tr. 19). The ALJ also cited the October 18, 2012 findings at Coastal Pain and Neurology:

> On this visit, her physical and neurological exam findings were normal. She had normal range of motion throughout her spine, intact strength in her bilateral upper and lower extremities, normal reflexes, intact sensation and normal gait/station.

(Tr. 20). The ALJ also noted that on August 2, 2014, Plaintiff admitted to Dr. Donna

Lester, M.D., that she was able to swim and do yoga (Tr. 21-22). The ALJ summarized

his findings as follows:

> [T]he claimant's overall treatment has been rather sparse and conservative as it has consisted primarily of medication management (Exhibits 1F-3F, 8F). There is no indication that she has been evaluated by any specialist regarding her back and neck complaints or that any more aggressive treatment including surgery has been recommended. In addition, the undersigned notes that the bulk of the claimant's physical, neurological and psychiatric exams have been normal with normal gait (Exhibits IF/1-15, 3F/2, 5, 8, 9-10, 7F/13-14, 20, I0F/4, 13-14) except for some tenderness to palpation of the cervical and lumbar spine (Exhibit 8F/3-5) as well as some issues of reduced cervical range of motion and some tenderness in her low back (but normal range of motion as she has been doing yoga in the past) (Exhibit 8F/12). She reported that she was doing fairly well with pain control (Exhibit 8F/7, 8). She also consistently denied any side effects from her medications (Exhibits IF/7-15).

(Tr. 23).

Plaintiff's objection that the rationale provided by the ALJ is "conclusory" is belied by the ALJ's adequate and specific findings throughout the administrative decision. <u>See</u> Tr. 18-23. In view of the extent of the ALJ's review and discussion of Plaintiff's medical history, and the evidence in that history to support the ALJ's findings, I conclude that the appropriate legal standard was applied and that substantial evidence supports the ALJ's evaluation.

Plaintiff's objections do not alter this conclusion. Plaintiff does not disagree that her course of treatment was conservative but argues that when a claimant cannot afford the prescribed treatment and can find no way to obtain it, she is excused from noncompliance. <u>See</u> <u>Dawkins v. Bowen,</u> 848 F.2d 1211, 1213 (11th Cir. 1998). There is no showing, however, that the ALJ's evaluation was based on noncompliance with prescribed treatment. Rather, the ALJ accurately observed that the treatment measures recommended by Plaintiff's physicians were primarily medication management and that this conservative approach was fairly effective; Plaintiff was not evaluated by any specialist regarding her back and neck complaints; and there was no showing that more aggressive treatment, including surgery, was recommended (Tr. 23). As the medical records do not reflect recommendations for other non-conservative treatment, Plaintiff's inability to afford such treatment is not relevant. Plaintiff fails to cite any record evidence that a doctor recommended treatment, such as surgery, which Plaintiff would have pursued over conservative measures, but for financial considerations.

As for Plaintiff's remaining objection, to the extent Plaintiff's reliance on Dr. Kidd's treatment records amounts to a contention that there is other evidence which could support a different conclusion, that is not the standard of review. It is not the task of this

Court to adjudicate the applications and weigh the evidence in the first instance. Rather, the issue is whether *this* ALJ's opinion was formulated in accordance with proper legal standards and supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips, 357 F.3d at 1240 n. 8. "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citation omitted).

After due consideration, I find the ALJ's decision was made in accordance with proper legal standards and is supported by substantial evidence.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on March 8, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Counsel of Record